## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REGINALD D. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-1450-PLC |
| | ) |
| CORIZON MEDICAL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Reginald D. Wilson's amended

complaint. For the reasons discussed below, the Court revokes Wilson's *in forma pauperis*

status, and dismisses this action without prejudice to re-filing upon payment of the $400.00 filing

fee.

Plaintiff, a "three strikes" litigant[1], filed the instant case on May 3, 2017. He was

originally granted *in forma pauperis* status under the imminent danger exception of § 1915(g),

based upon his allegations he was being denied necessary surgical treatment for prostate cancer.

Upon initial review, the Court entered an order dated May 11, 2017 noting that the complaint

failed to state a claim upon which relief could be granted. (Docket No. 5). The Court permitted

plaintiff leave to file an amended complaint no later than June 12, 2017. He subsequently filed a

motion asking the court to order that a video recording of a March 8, 2017 assault be released to

him (Docket No. 6/filed May 23, 2017), a motion to appoint counsel (Docket No. 8/filed June 1,

2017) and a second motion for leave to proceed *in forma pauperis* (Docket No. 12/filed June 14,

---

[1] *See Wilson v. City of St. Louis*, No. 4:07-CV-854-SNLJ (E.D. Mo. Jun. 25, 2007); *Wilson v. Wilson*, No. 4:09-CV-160-MLM (E.D. Mo. Feb. 18, 2009); *Wilson v. Hallazzgo*, No. 4:09-CV-1346-TCM (E.D. Mo. Sept. 4, 2009); *Wilson v. State of Mo.*, No. 4:11-CV-1014-AGF (E.D. Mo. Jul. 19, 2011).

2017). He filed an amended complaint on June 14, 2017. (Docket No. 11).

In the amended complaint, plaintiff alleges that "he is under imminent danger of serious physical injury due to Corizon inability or lack of concern to initiate adequate protocol to my emergency situation after assault on 03-08-17 – 03-11-17 by not having Doctor on staff before, during and after assault. I was only seen for a brief time by a Nurse Scott." (Docket No. 11 at 6). Plaintiff alleges that Nurse Scott provided medical treatment plaintiff considered inadequate, and alleges "[s]econdly, no doctor? Nothing else was done." (*Id.* at 6-7). Plaintiff alleges that Dr. Fuentes and other unspecified individuals were deliberately indifferent to his medical needs for past injuries, video camera footage will confirm the past assault, a corrections officer made a rude comment to him at mealtime, he had to wait two days to see a doctor, and he was not transported to a different facility to receive better medical care.[2] In setting forth his claims, plaintiff uses the words "imminent danger of serious physical injury that is on-going to date," but he neither explains what imminent physical danger he is actually in nor sets forth his earlier allegation that he is being denied necessary surgical treatment for cancer. As relief, plaintiff states "I would like Corizon Medical et al. to become more effective to urgent care of detainees and not delay or compromise the health of myself or other(s). Retrieve/Review video(s). Prosecute." (*Id.* at 15). He also seeks "$2,000,000.00 for medical injuries and future medical problems this assault caused to shorten life expectancy." (*Id.*)

It has become clear to the Court that plaintiff is not actually in imminent danger of serious physical injury. The amended complaint omits the very allegations upon which the Court based its decision to grant *in forma pauperis* status, and contains no other credible allegations

---

[2] The Court notes that these allegations merely describe plaintiff's disagreement with treatment decisions, allegations that do not state a claim of constitutional magnitude. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

2

sufficient to trigger § 1915(g)'s imminent danger exception. The Court will therefore revoke plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). *See Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986) (*in forma pauperis* status is a privilege granted by the federal courts, not a right, and it may therefore be revoked if it appears the goals of § 1915 are not being furthered); *see also Anderson v. Hobbs*, 2014 WL 4425802 (W.D. Ark. Sept. 9, 2014) (revoking *in forma pauperis* status after it became clear plaintiff was not actually in imminent danger of serious physical injury and noting that plaintiff was a litigious prisoner who appeared to be engaging in gamesmanship). This action will be dismissed, without prejudice to being re-filed upon plaintiff's payment of the $400.00 statutory filing fee. *See Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking *in forma pauperis* status under § 1915(g) and dismissing action without prejudice to prisoner's right to re-file it upon payment of filing fee).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's *in forma pauperis* status is **REVOKED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to being re-filed upon payment of the $400.00 filing fee. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for release of video recording (Docket No. 6), motion to appoint counsel (Docket No. 8), and second motion for leave to proceed *in forma pauperis* (Docket No. 12) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of June, 2017.

3

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4